RAFAEL SANTOS RODRÍGUEZ ET AL., Plaintiffs and Appellants, v. PUERTO RICO WATER RESOURCES AUTHORITY, Defendant and Appellee.

No. R-63-284.    Decided October 13, 1964.

*Federico E. Virella* and *Luis A. Pereira Buonomo* for appellants. *José Antonio Arabia* and *Carlos Eduardo Lube* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The petition for declaratory judgment before the trial court alleges: That late in December 1960 and January 1961 the public corporation, appellee herein, conducted an investigation into the low consumption in the meters installed in the houses where some of its employees resided, as a result

of which charges were preferred against the employees, appellants herein, and they were suspended from employment and salary pending a hearing of those charges; that appellants requested the appellee that the charges filed be heard pursuant to Art. 35 of the collective agreement signed between the appellee corporation and the Union of Workers of the Electric and Irrigation Industry of Puerto Rico, affiliated to the AFL–CIO, Local No. 24886, which establishes in §§ 18 and 19 the manner and procedure for an adjustment committee and arbitration procedure, which petition was denied and, on the contrary, the charges were heard pursuant to defendant's regulation; that the Puerto Rico Water Resources Authority Act—22 L.P.R.A. § 197 (p. 76)—authorizes the Governing Board of the Authority to prescribe a regulation for appointments, removals, promotions, transfers, discontinuances, reinstatements, suspensions, leaves of absence and changes in grade, compensation or title of the officers and employees of the Authority, in pursuance of a general plan similar, insofar as the Board shall deem it consistent, for the best interests of the Authority, of its employees and of its service to the public, to that which may be in effect for employees of the Commonwealth Government under the Personnel Act—3 L.P.R.A. § 671 (p. 574); that the regulation applied by appellee Authority is null and void because it was not adopted pursuant to the procedures established by the Personnel Act, since it does not grant to the employees suspended or removed the review before a court of justice provided by the Personnel Act; that since appellants were removed definitively through the procedure established in the Authority regulation and not through the procedure established in the collective agreement, such removals are illegal.

The most important contentions of appellee's answer are the special defenses raised in said answer: (1) That the trial court lacks jurisdiction inasmuch as the averments

showed that attempt is made to charge a violation of the provisions of the collective agreement between plaintiffs and defendant, which constitutes an unfair labor practice which should be reviewed by the Commonwealth Labor Relations Board of Puerto Rico; (2) That the relief sought does not lie, or the trial court lacks jurisdiction to take cognizance thereof because it involves a review of the administrative and quasi-judicial proceedings interposed after the expiration of an unreasonably long period since the decision to be reviewed was entered; (3) That the complaint does not allege a cause of action, since from the averments it appears that the adoption of the personnel regulation and the standards of conduct and disciplinary rules approved by the Authority were made pursuant to the provisions of the Puerto Rico Water Resources Authority—Act No. 83 of May 2, 1941 (Sess. Laws, p. 684), as amended by Act No. 19 of April 8, 1942 (Sess. Laws, p. 330).

The trial court concluded that in alleging "that their removals were made in violation of the collective agreement, pursuant to § 69(f) of the Act creating the Puerto Rico Labor Relations Board . . . plaintiffs, appellants herein, are charging the defendant with an unfair labor practice which may be heard before the Board since it involves questions of *public policy*, but this is not an action in defense of the public policy affected by such unfair labor practice—in which case the Board would have exclusive jurisdiction—but to assert private rights allegedly arising from the collective agreement [citations]. However, the difficulty confronting plaintiffs in raising before us the illegality of their removals is another one. Prior thereto the Union to which plaintiffs are affiliated resorted, on their behalf, to the Labor Relations Board making an identical contention which was dismissed. (See notice of dismissal of charge of the Labor Relations Board of Puerto Rico, case No. CA-2501 of August 28, 1961, affirmed on September 11, 1961). Review of the adminis-

trative resolution has not been sought before the Supreme Court of Puerto Rico in pursuance of law, such resolution being therefore final and binding on the parties and it cannot be attacked at this time in a subsidiary proceeding before the Superior Court."

The Chairman of the Labor Relations Board of Puerto Rico refused to file a complaint on the following ground: "Complainant (the Union) has requested of the employer that the suspensions of the employees involved in this case be discussed in the Adjustment Committee pursuant to art. VI(b) of the agreement. The employer has repeatedly stated that the cases of these employees cannot be discussed in the Adjustment Committee. Its contention is based on the fact that the collective agreement provides in art. XVII(3) the procedure to be followed in cases of suspension from employment and salary. It maintains that in negotiating this provision they took into consideration that § 7(a) of the Act creating the Puerto Rico Water Resources Authority [No. 19 of April 8, 1942] provides that all appointments, removals, promotions, transfers, discontinuances, reinstatements, suspensions, leaves of absence and changes in grade, compensation or title of the officers and employees of the Authority, shall be made and permitted as provided in rules and regulations to be prescribed by the Governing Board. Article XVII(3) provides for a hearing in all cases of suspension from employment and salary. At this hearing the worker shall be duly represented by the Union. The hearings are held by the Office of Personnel of the employer. The Personnel Director shall designate the persons to try the cases and shall see that the removing party does not appear in the panel of triers. In deciding the cases the panel of triers uses a Manual of Standards and Procedures of Personnel prepared by the Authority. The evidence shows that the cases of suspension from employment and salary have always been heard pursuant to art. XVII(3) of the agreement. No case

of definitive suspension has been referred to the Adjustment Committee. On the evidence it may be concluded that the employer is not bound to discuss in the Adjustment Committee the suspensions of the employees involved in this case. In view of all the foregoing reasons, I refuse to file a complaint and I proceed to dismiss, and do hereby dismiss, the charge in above-entitled case." This notice of dismissal of charge issued by the Chairman of the Board was affirmed by the Labor Relations Board of Puerto Rico, as has been said.

All the indicia contained in the evidence having been considered, it is unquestionable that in this case the appellee public corporation combined the disciplinary procedure for cases of suspension from employment and salary established in Art. XXXVII of the collective agreement with the administrative hearing procedure provided in its own regulation pursuant to the power granted by § 7 (a) of the Water Resources Act of May 2, 1941, as amended by Act No. 19 of April 8, 1942.

The administrative hearing was held before three Trial Examiners designated by the Director of the Personnel Division, assisted by counsel, and an officer of that administrative division, counselled by its engineers, presented the evidence on behalf of the Distribution and Sales Division. The employee in question was represented by a delegate of the labor Union, both of whom were assisted by counsel. The Trial Examiner who presided at the hearing advised that: "The purpose of this administrative hearing is to enable the Authority to gather any information which may be necessary to determine whether or not the person charged with a violation of a certain regulation of the Authority is guilty. The Authority is not interested in finding an employee guilty, but it is interested in learning all the details of the case and that the conclusion reached be fair and reasonable."

Mr. Vilella, on behalf of appellant, stated: "That this committee which was designated to intervene in the facts of this case is without jurisdiction to do so. The reasons for raising this question are, in the first place, that the worker in connection with whom the hearing is to be held belongs to a Union which signed a contract with the Authority which was, and still is, in force at the time of the facts alleged, and this agreement creates in art. VI(b) (art. XXXV, § 18(a) of the new collective agreement) an Adjustment Committee which is called upon to decide all complaints and situations which may arise as a result of violation or faults committed by either party. In our opinion, the body with jurisdiction to intervene in the hearing to be held in this case is the Adjustment Committee . . . . The other question which we wish to raise is that there are certain charges, the charges alleged for violation by the worker of certain regulatory provisions, which provisions are embodied in a sort of set of rules and procedures of the Water Resources Authority, which rules, we believe, have not been approved at any time by the Union and, therefore, do not apply to the Union because they were not incorporated into the collective agreement."

In deciding the question raised the Trial Examiner who presided at the hearing stated as follows: "This is not a complaint. It is a suspension which the management does not consider a complaint. However, when there is a suspension, it is another matter. A complaint is one thing and a suspension is another. When there is a suspension, now we come to pages 69 and 70 of the agreement (art. XXXVII, p. 95, of the new collective agreement, on disciplinary procedure) which provides for a hearing. The manner of conducting a hearing is a procedure established by the Authority. Another point which we wish to make clear, in order that it may also appear in the record, is that these disciplinary rules and the manual were not actually discussed

between the Union and the management of this Authority. The Authority believes that the disciplinary and administrative norms and these rules are incumbent only on the Authority and are nonnegotiable."

The corresponding hearings having been held, on April 7, 1961, the Union of Workers of the Electric and Irrigation Industry of Puerto Rico filed a charge against the Authority for violations of § 8(1)(f) of the Labor Relations Act of Puerto Rico, consisting in that from and after December 25, 1960 the employer violated and still continues violating art. XVII(8) of the General Provisions of the Collective Agreement in force between the parties from 1958 to 1960, by its failure to serve notice of the charges within three (3) days following the suspension of Juan Rodríguez Colón, Pedro Monserrate Malavé, and other employees. The employer was charged, further, that as of January 23, 1961, it is violating art. VI on Resolution of Claims—subd. (b) of the agreement—by refusing to discuss the suspension of these employees in the Adjustment Committee.

After an examination of the record of the case, the transcript of the hearing and the reports of the Trial Examiners, on July 12, 1961 the Executive Director of the Authority found proved the charges and ordered the definitive removal of appellant from employment and salary. As we have seen, on August 28, 1961, the Chairman of the Labor Relations Board of Puerto Rico dismissed the charge filed by the Union, and on September 11, 1961, the Board affirmed the Chairman's action.

The procedure for considering an unjustified removal may be an ordinary administrative procedure for removal whenever the Act creating that corporate or body politic so authorizes—§ 7(a) of the Water Resources Act —or may be heard by means of a complaint before the Arbitration Committee provided in the collective agreement whenever the agreement so provides—§ 8(1)(f) of the Labor

Relations Act of Puerto Rico, 29 L.P.R.A. § 69, p. 383. In view of the preponderance of the elements of private law or of public law, we need not decide in this case, as we have done so far, which of the two procedures should prevail, for although it is true that the employer chose an ordinary administrative procedure for removal and the Union chose to file a charge with the Labor Relations Board alleging, as an unfair practice, the violation of the arbitration clause of an agreement, it is no less true that the Labor Relations Board dismissed the charge in the honest belief that preference should be accorded to § 7(a) of the Water Resources Act which orders the Authority to follow, regarding removals, a procedure similar to that established in § 31 of the Act creating the Office of Personnel, 3 L.P.R.A. § 671, pp. 574–75. The fact that the labor Union resorted to the Board does not render irreversible the election of the remedy, subject to further review by this Court and no more. It is known that in deciding any charge of unfair practice, the Labor Relations Board has broad discretion as to whether or not to authorize the complaint, the order dismissing the charge not being reviewable because it does not constitute a final order. *Luce & Co.* v. *Labor Relations Board*, 82 P.R.R. 92, 94–97 (Blanco Lugo) (1961).

■ In this case it is contended that since the Water Resources Authority has not established in its regulation a procedure for administrative hearing and further judicial review, such regulation is invalid. The authority to review judicially an order of removal is implied where, as in this case, the Act creating the Water Resources Authority provides a procedure similar to the procedure for removal established for the Office of Personnel of the Government of Puerto Rico: *López* v. *Muñoz*, 80 P.R.R. 4, 7–9 (Snyder) (1957); *Rivera* v. *Chancellor of the University*, 73 P.R.R. 361, 364–66 (Snyder) (1952); Bernard Schwartz, *Una In-*

*troducción al Derecho Administrativo Norteamericano* 173 *et seq.* (1962). If the model procedure proposed is judicially reviewable, it is not difficult to conclude that the clear legislative intention is that any removal of a regular employee of the Puerto Rico Water Resources Authority be reviewable by the corresponding part of the Superior Court of Puerto Rico.

For the reasons stated, the judgment rendered by the Superior Court of Puerto Rico, Caguas Part, on May 31, 1962, will be reversed and the case remanded for a declaration of rights not inconsistent with the terms of this opinion.